## Mack v. Franklin Bank.

(Decided February 15, 1912.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division.)

Note—Action Upon—Plea of No Consideration—Evidence.—Appellant executed a note for $350.00 to B. who endorsed it to the Louisville Woodstock Co., which endorsed it to appellee bank before maturity. In an action against appellant by the bank, he interposed the plea of no consideration, and filed a letter from a stockholder and employe of the Woodstock Company to him stating that "We have purchased from the Franklin Bank, certain notes and claims amongst which is a note of $350.00 of yours, which will be turned

over to us Tuesday, which will be returned to you." Held, there is not the slightest testimony in the record that the bank authorized, or had any knowledge of the letter, or that the person writing it had any authority to represent the bank in the surrender of the note.

JOHNSON & HIEATT for appellant.

THUM & ROY for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

On July 18, 1908, appellant, E. K. Mack, executed and delivered the following note:

"Thirty days after date I promise to pay to the order of H. Brownell, three hundred and fifty dollars. Without defalcation, value received, negotiable and payable at Franklin Bank, Louisville, Ky."

Brownell endorsed and transferred the note to the Louisville Woodstock Co., and it endorsed it to the Franklin Bank before maturity. The Louisville Woodstock Co. was on the verge of insolvency at the time of the execution of this note and the transfer of it to the bank. This bank and one other held about $4,283.00 of debts against it and in September, 1908, this bank instituted an action in the United States Court in Louisville against the Woodstock Co. for the purpose of having its affairs settled in bankruptcy, and at about the same time instituted this action in the State Court against Mack upon the note copied above. It appears that J. G. Seabert was a stockholder and one of the employes of the Woodstock Co., and on September 30, 1908, he entered into an agreement with the banks whereby he assumed the payment of the obligations of the Woodstock Co., which amounted to about $4,283.00 for which he executed his notes payable in twelve months, with Brownell, secretary of the Woodstock Co., and Bosemer, who also was acting as an officer of that company, as his sureties. Seabert also executed a mortgage on some real estate valued at about $2,900.00. The banks executed to Seabert a bill of sale of the obligations held by them against the Woodstock Company. This bill of sale was in writing and it contains this clause, among others:

"The second party will have the Mack note paid by next Tuesday and placed on the note of $4,283 herein."

The bill contains other language with reference to the banks retaining a lien on some of the notes men-

tioned as additional security for the payment of the $4,283, but it is somewhat questionable whether a lien was retained on the Mack note, but if it was not paid to the bank by the following Tuesday the bank certainly had an equitable lien and a right to hold it until it was paid.

Appellant answered and stated that he executed the note to Brownell without any consideration therefor; that it was executed solely for accommodation of Brownell and the Woodstock Co., which facts were known to J. G. Seabert from the time the note was executed, and he filed a letter which is as follows:

"Louisville, Ky., Oct. 5, 1908.

"Mr. E. K. Mack,
  City.

"Dear Sir: We have purchased from the Franklin Bank, certain notes and claims, amongst which is a note of $350 of yours, which will be turned over Tuesday to us, which will be returned to you.

"J. G. Seabert."

Appellant contends that this letter shows that Seabert understood that he had executed the note without consideration and for the accommodation of the Woodstock Co., and that he intended to return it to him without calling upon him for payment. It is true this letter indicated the truth of appellant's claim, but there is not the slightest testimony in the record that the bank authorized, or had any knowledge of the letter, or that Seabert had any authority to represent the bank and surrender the note which it had retained by the bill of sale. The briefs of counsel are confined to this point and the question of the liability of appellant as an accommodation maker of the note. There is another question, however, which prevents appellant from reversing the judgment. As stated appellant alleged that he signed the note without consideration and for the accommodation of Brownell and the Woodstock Co., and Seabert knew these facts. The reply denied that the note was executed without consideration and denies knowledge or information sufficient to form a belief as to whether or not it was executed solely for the accommodation of Brownell and the Woodstock Co., or either of them.

We have examined the record with care and find no evidence sustaining these pleas of appellant, and if he

received a consideration for the execution of the note, his defense does not avail.

Appellant also complains because the judgment was rendered when his attorney was not present and contrary to an understanding between the counsel. There is no claim that he desired to introduce any more proof or that he had any to introduce. Under the circumstances, as stated in the affidavit for setting the judgment aside on account of misunderstanding and surprise, that might reverse the judgment. It should be the purpose of all courts to see that parties to actions have a reasonably fair trial, and to accomplish this, each party should be given an opportunity to be represented, and when he is deprived of this privilege the court should grant relief. It is patent from this record, however, that if appellant's attorney had been present it would not have benefited him any.

For these reasons, the judgment of the lower court is affirmed.